IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MELANIE DAMIAN, IN HER CAPACITY AS
COURT-APPOINTED RECEIVER FOR DEFENDANT
ONIX CAPITAL LLC ET AL.,

       Plaintiff,

v.

CANDA CORP., a Florida corporation.

       Defendant.
_____/

## RECEIVER'S COMPLAINT AGAINST CANDA CORP.

Melanie E. Damian, Esq., as receiver (the "Receiver") for Defendant ONIX CAPITAL LLC ("Onix Capital") and Relief Defendants DEEP OCEAN LLC, NEXT CAB VENTURES LLC, NEXT CALL VENTURES LLC, NEXT CHAT VENTURES LLC, NEXT PAY VENTURES LLC, NEXT TRACK VENTURES LLC, NEXT U VENTURES LLC, and PROGRESSIVE POWER LLC (collectively, the "Relief Defendants", and with Onix Capital the "Receivership Entities") files her Complaint against Defendant Canda Corp., stating as follows:

### INTRODUCTION

1.      In November 2016, the SEC commenced an action against Onix Capital and the Relief Defendants as entities run for the purpose of furthering a securities fraud scheme perpetuated by Alberto Chang-Rajii ("Chang"), who fled to Malta in the spring of 2016. The case is currently pending in the District Court for the Southern District of Florida, Case No. 16-24678-CIV-Cooke/Torres (the "Receivership Proceeding").

2. On April 4, 2017, the District Court entered an order appointing the Receiver (the "Receivership Order") to exercise full power and control over the Receivership Entities, including all of their assets within the United States.

3. Pursuant to the Receivership Order, the Court specifically tasked the Receiver to "[m]arshal and safeguard all such assets and take whatever actions necessary for the protection of any investors of Onix and/or Relief Defendants," and to "[i]nvestigate the aforementioned assets, documents, and other items to ascertain the identity of any additional investors, debtholders, or other persons located within the United States and having any connection to these proceedings."

4. Pursuant to this court order, the Receiver has the power and duty to collect all assets of the Receivership Estate, and to prosecute causes of action to recover such assets, if necessary, including fraudulent transfer actions.

5. Records of the Receiver reflect that Onix Capital paid Defendant Canda Corp. in excess of $375,000.00 in consulting fees at a time when it was insolvent, and in furtherance of the fraudulent scheme. *See* Exhibit A.

6. In addition, Onix Capital loaned funds to Canda Corp. pursuant to two promissory notes, *see* Composite Exhibit B, a portion of which remains unpaid. *See* Exhibit C.

7. The Receiver brings this Complaint to recover the fraudulent transfers and enforce the unpaid promissory notes.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action, and venue is proper, under Section 22(a) of the Securities Act (15 U.S.C. § 77v(a)), Section 27 of the Exchange Act (15 U.S.C. § 78aa), and under Chapter 49 of Title 28, Judiciary and Judicial Procedure (28 U.S.C. § 754). The

Court also has jurisdiction over the matters raised by this lawsuit, and venue is proper, pursuant to 28 U.S.C. §§ 754, 1367, and 1692 because this action is ancillary to the Receivership Proceeding.

9. Further, as the Court that appointed the Receiver, this Court has jurisdiction over any claim brought by the Receiver to execute her receivership duties.

## PARTIES

10. Melanie Damian is the duly appointed Receiver for Onix Capital and the Relief Defendants.

11. Defendant Canda Corp. is a Florida corporation with a principal address at 15 E. Sunrise Avenue, Coral Gables, FL 33133.

## FACTUAL ALLEGATIONS[1]

### A. Onix Capital's Fraudulent Scheme

12. From at least as early as June 2012 until March 2016, Onix Capital, a Miami Beach-based asset management company, and Chang, owner and sole manager of Onix Capital, fraudulently raised millions of dollars from investors based on material misrepresentations regarding the investments offered, the use of the funds raised, and the background and financial success of Chang himself. Chang's scheme, which targeted investors in Florida, nationwide, and internationally, began to unravel when, in March 2016, reports were published in Miami and Chile exposing Chang's misrepresentations regarding his achievements and his companies' finances. Chang then abandoned his Onix Capital responsibilities, fled to Malta, ceased paying investors, and drained approximately $4 million, including Onix Capital investor funds, from accounts in the United States by transferring the funds to overseas banks.

---

[1] The Receiver relies on, and hereby incorporates by reference, the specific factual allegations made by the SEC in its complaint against Onix Capital and the Relief Defendants.

13. Chang offered and sold certain investors Onix Capital promissory notes, which carried "guaranteed" annual interest rates from 12% to as high as 19%, as well as membership interests in various entities created as special purpose vehicles ("SPVs") to invest in private equity. To convince investors to invest with Onix Capital, Chang touted a fabricated lore of Chang's business education and successful investment history, claiming that Chang had obtained an MBA from Stanford University, became wealthy investing in Google in its early development stages, and was a successful award-winning "angel" investor. None of this was true.

14. Chang represented to promissory note investors that Onix Capital would invest their funds in "ventures identified by Mr. Chang" and Onix Capital's advisory team, and make the note payments from these investments. However, to the extent Onix Capital did invest their funds, it received no income or funds from the investments during the time period relevant to this Complaint. Instead of making note payments from Onix Capital investment returns, Chang comingled Onix Capital investor funds with other funds and used the comingled funds to pay investors and for his own benefit.

15. Beginning at least as early as August 2013, Chang represented to promissory note investors that Chang personally guaranteed the promissory notes and misled investors by telling them that he had in excess of $100 million on deposit in accounts at J.P. Morgan in the United States as of March 24, 2013, when the true amount was less than $1 million.

16. Chang represented to investors buying membership interests that they would receive a membership interest in one of Chang's SPVs, which would give the investor an indirect interest in the securities held by that entity. These SPVs held direct or indirect equity interest in non-public companies, including Uber, Square, and Okeanos Technologies, LLC. Chang retained direct and indirect controlling interest in the SPVs.

17.     In March 2016, press articles exposed Chang's misrepresentations regarding his investment and educational achievements, and questioned the financial soundness of his businesses in Chile. His fraud scheme began to unravel. Chang abandoned his Onix Capital and other business obligations and fled to Malta. Onix Capital soon ceased making the "guaranteed" return payments on promissory notes.

### B.  Canda Corp.'s Participation and Assistance in the Fraudulent Scheme

18.     Alejandro Algaze ("Algaze") is the president of Canda Corp.  Algaze, through Canda Corp., was a member of Onix Capital's advisory team, serving as a financial consultant to Onix Capital.

19.     In its Private Placement Memoranda (the "PPM's"), Onix Capital represented to investors that Algaze, through Canda Corp., would provide advisory services to Onix Capital, and would be compensated for such services. *See* Onix Capital's August 31, 2013 Confidential Private Placement Memorandum, attached hereto as Exhibit D as an example.

20.     Specifically, the PPM's tout Algaze's experience as follows:

> Alejandro is a seasoned financial professional with a solid track record in executive roles across disciplines in both buy- and sell-side transactions.  Since obtaining a MBA in Finance from University of Miami, he has built a professional record with a focus in Asset Management, and has been involved with various entrepreneurial efforts.
>
> He most recently served as country Manager for Southern Cone at Bank Hapoalim Headquarters in Miami, managing over $500 million of Assets Under Management.

*See* Exhibit D at 16.

21.     Notwithstanding Algaze's purported experience, the Receivr is unaware of any value provided by Canda Corp. or Algaze as a member of Onix Capital's "advisory team."

22.     Canda Corp. was among Onix Capital's highest paid consultants. As reflected in the attached chart, Canda Corp. received in excess of $375,000.00 in less than two years for its consulting services. *See* Exhibit A.

### C. Canda Corp. Borrows from Onix Capital

23.     Canda Corp. also borrowed money from Onix Capital, some of which is still outstanding.

24.     On April 5, 2013, Canda Corp. and Onix Capital executed a promissory note (the "2013 Promissory Note") pursuant to which Canda Corp. borrowed $50,000.00 from Onix Capital. Payment of the 2013 Promissory Note was due and payable on April 5, 2014. On February 5, 2014, Canda Corp. and Onix Capital executed a second promissory note (the "2014 Promissory Note", and together with the 2013 Promissory Note, the "Notes") pursuant to which Canda Corp. borrowed an additional $50,000.00 from Onix Capital. Payment of the 2014 Promissory Note was due and payable on April 5, 2015. *See* Composite Exhibit B.

25.     Canda Corp. repaid Onix Capital a little over $79,000.00 on account of the Notes, with the last payment being made on November 5, 2014. An unpaid balance in excess of $20,000.00 remains unpaid, and this amount is due and owing to Onix Capital.

26.     All conditions precedent to the filing of this action have been performed, have been waived, have been satisfied, or otherwise occurred.

CAUSES OF ACTION

COUNT I
Fraudulent Transfers-Fla. Stat. § 726.105(1)(a)

27. The Receiver re-alleges and incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. This is a claim to avoid and recover fraudulent transfers pursuant to Section 726.105(1)(a), Florida Statutes, against Defendant.

29. A Ponzi scheme is, by its nature, a fraudulent enterprise.

30. Transfers made in furtherance of such an enterprise are presumptively fraudulent.

31. Onix Capital made the transfers listed in Exhibit A totaling $376,197.18 (the "Transfers") to Defendant for alleged advisory services. The Receiver is unaware of any legitimate value provided by Canda Corp. or Algaze in exchange for the Transfers.

32. In fact, Defendant received the consulting fees for its participation and assistance in the fraudulent scheme.

33. At the time of the Transfers to Defendant, Onix Capital was operating its business as a classic fraudulent scheme and thus had actual intent to delay, hinder, and defraud creditors and, in fact, made the Transfers to hinder, delay, and defraud creditors.

34. The Transfers to Defendant were fraudulent as to then-existing creditors who are actual creditors holding claims against the Receivership Estate, and are avoidable under § 726.105(1)(a), Fla. Stat. and recoverable for the benefit of creditors under § 726.108.

35. This action is timely as the Receiver has filed this action within four years after such Transfers were made or, if later, within one year after the Transfers were or could reasonably have been discovered by the Receiver.

**WHEREFORE**, the Receiver requests that the Court enter judgment against Defendant (a) setting aside all Transfers to Defendant totaling at least $376,197.18, plus any other fraudulent transfers revealed through discovery or otherwise; (b) awarding payment of such sum to the Receivership Estate, plus pre- and post-judgment interest, attorney's fees, and costs; and (c) granting such further relief this Court deems just.

## COUNT II
## Fraudulent Transfers-Fla. Stat. § 726.105(1)(b)

36. The Receiver re-alleges and incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

37. This is a claim to avoid and recover fraudulent transfers pursuant to Section 726.105(1)(b), Florida Statutes, against Defendant.

38. Onix Capital made the Transfers listed in Exhibit A totaling $376,197.18 to Defendant for alleged advisory services. The Receiver is unaware of any legitimate value provided by Canda Corp. or Algaze in exchange for the Transfers.

39. Onix Capital did not receive reasonably equivalent value in exchange for the Transfers, and Onix Capital:

> (a) was engaged or was about to engage in a business or a transaction for which Onix Capital's remaining assets were unreasonably small in relation to the business or transaction; or
>
> (b) intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due.

40. Defendant did not take or receive the benefits of the Transfers from Onix Capital in good faith and in exchange for reasonably equivalent value.

41. This action is timely as the Receiver has filed this action within four years after such Transfers were made or, if later, within one year after the Transfers were or could reasonably have been discovered by the Receiver.

**WHEREFORE**, the Receiver requests that the Court enter judgment against Defendant (a) setting aside all Transfers to Defendant totaling at least $376,197.18, plus any other fraudulent transfers revealed through discovery or otherwise; (b) awarding payment of such sum to the Receivership Estate, plus pre- and post-judgment interest, attorney's fees, and costs; and (c) granting such further relief this Court deems just.

## COUNT III
### Fraudulent Transfers-Fla. Stat. § 726.106

42. The Receiver re-alleges and incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

43. This is a claim to avoid and recover fraudulent transfers pursuant to Section 726.106, Florida Statutes, against Defendant.

44. Onix Capital made the Transfers listed in Exhibit A totaling $376,197.18 to Defendant for alleged advisory services. The Receiver is unaware of any legitimate value provided by Canda Corp. or Algaze in exchange for the Transfers.

45. Onix Capital was insolvent at the time of the Transfers to the Defendant, or became insolvent as a result of such Transfers.

46. Onix Capital did not receive reasonably equivalent value in exchange for the Transfers.

47. The Transfers to Defendant were fraudulent as to then-existing creditors who are actual creditors holding claims against the Receivership Estate, and are avoidable under § 726.106(1), Fla. Stat., and recoverable for the benefit of creditors under § 726.108.

**WHEREFORE**, the Receiver requests that the Court enter judgment against Defendant (a) setting aside all Transfers to Defendant totaling at least $376,197.18, plus any other fraudulent transfers revealed through discovery or otherwise; (b) awarding payment of such sum to the Receivership Estate, plus pre- and post-judgment interest, attorney's fees, and costs; and (c) granting such further relief this Court deems just.

## COUNT IV
## Unjust Enrichment

48. The Receiver re-alleges and reincorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

49. This is a claim for unjust enrichment against Defendant.

50. Onix Capital's funds were the source of payments to the Defendant amounting to at least $375,000.00, *see* Exhibit A, which were derived from Chang's fraudulent investment scheme.

51. Defendant was unjustly enriched at the expense of defrauded investors, based on principles of justice, equity, and good conscience.

52. The Transfers were made pursuant to the fraudulent scheme orchestrated by Chang through Onix Capital and the Relief Defendants, and the funds received by the Defendant consisted of money belonging to the defrauded investors. The Receiver is unaware of any legitimate value provided by Canda Corp. or Algaze in exchange for the Transfers, and it would be fundamentally unfair to allow the Defendant to retain the Transfers.

**WHEREFORE**, the Receiver requests that this Court enter judgment against Defendant (a) providing for a money judgment against Defendant in the amount of the Transfers, together with interest thereon from the date of the Transfers, (b) providing for a money judgment against

Defendant for the costs of this action, and (c) for any other, further relief this Court deems equitable and just.

## COUNT V
## Breach of Contract

53. The Receiver re-alleges and reincorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

54. In 2013 and 2014, Canda Corp. and Onix Capital executed the Notes pursuant to which Canda Corp. borrowed a total amount of $100,000.00 from Onix Capital.

55. Onix Capital made two separate transfers of $50,000.00 each to Canda Corp. as required by the Notes.

56. Canda Corp. repaid Onix Capital a total amount of $79,165.88, which leaves a total unpaid balance of $20,834.12 on the Notes.

57. As a result of Canda Corp.'s breach of the Notes, Onix Capital has been damaged.

WHEREFORE, the Receiver requests that this Court enter judgment against Defendant (a) finding the Defendant in breach of the Notes; (b) awarding the Receiver the unpaid balance of the Notes in the amount of $20,834.12, together with interest, attorney's fees and costs; and (c) for any other, further relief this Court deems just.

Dated: April 3, 2018                    Respectfully submitted,

              **KOZYAK TROPIN & THROCKMORTON, LLP**
              *Counsel for the Receiver*
              2525 Ponce de Leon Boulevard, 9th Floor
              Miami, Florida 33134
              Tel: (305) 372-1800
              Fax: (305) 372-3508

              By: */s/ David L. Rosendorf*
                 David L. Rosendorf
                 FL Bar No. 996823
                 Corali Lopez-Castro
                 FL Bar No. 863830
                 Tal J. Lifshitz
                 FL Bar No. 99519
                 dlr@kttlaw.com
                 clc@kttlaw.com
                 tjl@kttlaw.com